CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 19 2007

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES MADISON MCCAULEY III, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:07-cv-00541 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| MRS. C. HAWKS, et. al., | ) | By: Hon. James C. Turk |
|     Defendant(s). | ) | Senior United States District Judge |

Plaintiff James Madison McCauley, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, McCauley alleges that on November 23, 2005, a nurse and a control booth officer at Keen Mountain Correctional Center (KMCC) delayed his access to medical treatment after his surgical scar reopened. McCauley also sues a doctor at Clinch Valley Medical Center (CVMC) for examining him in the emergency room without anaesthesia. For these alleged violations of his constitutional rights, McCauley seeks monetary damages and appropriate injunctive relief. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

I

McCauley's claims arise from the following sequence of events, as indicated in the complaint and attached grievances and medical records. McCauley had previously had some moles removed from his lower back. On November 14, 2005, McCauley was transported to CVMC, where Dr. Steven Hoebelheinrich surgically re-excised the same area on McCauley's left right flank, removing

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

a melanoma and a large ellipse of skin measuring 6.7 X 3.5 X 2.5 centimeters. Several days later, on November 23, 2005, back at KMCC, McCauley woke up in severe pain. His surgical scar had burst open, exposing his muscle tissue. The area was burning and bleeding. McCauley went immediately to the grill gate at the end of the pod to seek emergency medical help. He saw Nurse Hawks, administering pill call duties. He told the nurse that his surgical scar had burst open, showed her the wound, and asked to see a doctor and get some stitches. She told him that she could not do anything for him. She did not check his wound, clean it, or re-bandage it.

McCauley then sought help from Officer D. Smith, who was working in the control booth. He told Smith that he was bleeding and needed to see a doctor. She "harshly" told him to address his problem at evening pill call. At this point, McCauley filed an emergency grievance, to which Officer Mullins reported. McCauley showed Mullins the wound, and the officer said, "We gotta get you some help." He took McCauley to the medical department, but medical personnel told him that they were not allowed to sew up such a wound. He waited several hours until he could be transported to CVMC.

At CVMC, McCauley waited for another period of time before the doctor could examine him. McCauley alleges that the initial examination process was very painful and that the doctor failed to use anaesthesia. Dr. Hoebelheinrich diagnosed McCauley with wound hematoma and dehiscence, but noted only minimal blood loss and no complications. Then the doctor placed McCauley under general anaesthetic, flushed the wound with saline, and removed the previous sutures. He did not find any gross infection and reclosed the layers of skin. The doctor noted that the patient tolerated the procedure well and left the operating room in satisfactory condition. McCauley states that he suffered pain for several weeks thereafter and received pain medication.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). To prove that his course of medical treatment in prison amounted to a violation of the Eighth Amendment, an inmate must show that personnel to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). First, the plaintiff must show that, objectively, his need for medical treatment was sufficiently serious. Such a need usually involves a condition that threatens loss of life or illnesses or injuries that threaten the inmate with permanent disability. Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1974). Second, plaintiff must show that defendants acted with deliberate indifference toward his serious medical need. Estelle, 429 U.S. at 104-105. Inadvertent failure to provide treatment, negligent diagnosis, and medical malpractice do not present constitutional deprivations. Id. at 105-106. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. Rather, the inmate must show that the official was aware of objective evidence from which he could draw an inference that a substantial risk of harm existed, that he drew that inference, and then failed to respond reasonably to the risk. Farmer v. Brennan, 511 U.S. 825, 837-844 (1994). See Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998)(because evidence did not show that doctors knew about inmate's pituitary gland tumor, failure to diagnose and treat it did not state Eighth Amendment claim even though inmate ultimately went blind). Officials show deliberate indifference to a serious medical need by

completely failing to consider an inmate's complaints or by acting intentionally to delay or deny the prisoner access to necessary medical care. Estelle, 429 U.S. at 104.

Under these principles, the court is satisfied that McCauley could prove no set of facts consistent with his current allegations that would support an Eighth Amendment claim related to his medical treatment in November 2005. McCauley does not contend that any of the defendants took any action that caused his surgical wound to burst open or that they did anything to aggravate or increase the pain and bleeding that allegedly resulted. Rather, he alleges that the prison personnel perpetuated his pain by failing to provide him access to medical treatment in a more timely fashion. By his own allegations, however, once he filed a written request for medical attention, an officer reported to his cell immediately and transported him to the medical unit.

Moreover, McCauley fails to demonstrate that, objectively assessed, he had a serious medical need for any more immediate treatment than he received. His submissions indicate clearly that although prison medical personnel decided to transport him to the emergency room, they deemed it medically acceptable for him to wait in the medical unit at the prison for several hours while officials made transportation arrangements. When he reached the hospital, medical personnel there also deemed it acceptable for him to wait several more hours to be examined by the doctor. McCauley may have suffered some pain and bleeding during this waiting period, but the doctor's notes indicate that blood loss was minimal, and McCauley does not allege that he requested and was denied pain medication during this period. Furthermore, nothing in the record indicates that any of the delays caused any complication in the surgical repair of his wound or otherwise placed McCauley at a substantial risk of harm. The surgical repair was

4

accomplished, and all risks of harm reasonably addressed. Accordingly, the court finds that McCauley fails to meet the objective prong under Estelle and so fails to state any constitutional claim concerning the delay in obtaining medical treatment.

McCauley's allegations also fail to state any claim against the doctor for allegedly failing to use anaesthesia in performing the initial examination of McCauley's wound. The doctor's decision to examine McCauley using local or even no anaesthesia, before he decided to use general anaesthesia during the repair itself, was a medical judgment, not subject to review by the court. McCauley's disagreement with this judgment, based on nothing more than his layman's opinion that the examination was unnecessarily painful, does not state any constitutional claim. At most, these allegations might give rise to a claim of medical malpractice under state law. Such medical negligence claims are not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction over them. See 28 U.S.C. § 1367(c). For the stated reasons, the court finds that plaintiff's complaint must be dismissed without prejudice for failure to state a claim, pursuant to §1915A(b)(1). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

ENTER: This 16th day of November, 2007.

/s/ James C. Turk
Senior United States District Judge